UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
STEPHEN FLANAGAN, as a Trustee of the
GENERAL BUILDING LABORERS' LOCAL 66
PENSION FUND; STEPHEN FLANAGAN, as a
Trustee of the GENERAL BUILDING
LABORERS' LOCAL 66 WELFARE FUND;
STEPHEN FLANAGAN, as Trustee of the
GENERAL BUILDING LABORERS' LOCAL 66
ANNUITY FUND; STEPHEN FLANAGAN, as                AMENDED
a Trustee of the GENERAL BUILDING                 MEMORANDUM & ORDER
LABORERS' LOCAL 66 LABORERS'                      13-CV-2300(JS)(AKT)
EMPLOYER COOPERATIVE AND EDUCATIONAL
TRUST FUND; STEPHEN FLANAGAN, as
a Trustee of the GENERAL BUILDING
LABORERS' LOCAL 66 GREATER NY LABORERS'
EMPLOYER COOPERATIVE AND EDUCATIONAL
TRUST FUND; STEPHEN FLANAGAN, as a
Trustee of the GENERAL BUILDING
LABORERS' LOCAL 66 TRAINING PROGRAM;
STEPHEN FLANAGAN, as a Trustee of the
GENERAL BUILDING LABORERS' LOCAL 66
NEW YORK STATE HEALTH AND SAFETY FUND;
STEPHEN FLANAGAN, as Business
Manager of GENERAL BUILDING LABORERS'
LOCAL UNION NO. 66 OF THE LABORERS'
INTERNATIONAL UNION OF NORTH AMERICA,
AFL-CIO

                Plaintiff,

    -against-

NORTH STAR CONCRETE CONSTRUCTION, INC.
and MARIO SALGADO,

                Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:        Alicia M. Menechino, Esq.
                        LaVelle & Menechino Law Office, LLP
                        The LaVelle Building
                        57 East Main Street
                        Patchogue, NY 11772

For Defendants:       No appearances.

SEYBERT, District Judge:

Pending before the Court is (1) a motion for default judgment filed by plaintiff Stephen Flanagan, as Trustee of the General Building Laborers' Local 66 Pension Fund, Welfare Fund, Annuity Fund, Laborers' Employer Cooperative and Educational Trust Fund, Greater NY Laborers' Employer Cooperative and Educational Trust Fund, New York State Health and Safety Fund, and Training Program, and as Business Manager of the General Building Laborers' Local Union No. 66 of the Laborers' International Union of North America, AFL-CIO ("Plaintiff") (Docket Entry 12); and (2) Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R"), recommending that the Court grant the motion for default judgment (Docket Entry 16). For the following reasons, the Court ADOPTS the R&R in its entirety.

## BACKGROUND

Plaintiff commenced this action against defendants North Star Concrete Construction, Inc. ("North Star") and Mario Salgado ("Salgado," and together with North Star, "Defendants"), alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act of 1947 ("LMRA").

On August 30, 2013, Plaintiffs filed Affidavits of Service, affirming that the Summons and Complaint were served on Defendants. (Docket Entry 8.) Defendant did not answer or otherwise respond to the Complaint, and Plaintiff requested a Certificate of Default. (Docket Entry 9.) The Clerk of the Court certified Defendants' default on September 3, 2013. (Docket Entry 10.) On September 26, 2013, Plaintiff moved for a default judgment, (Docket Entry 12), and filed supplemental papers on September 27, 2013 (Docket Entry 13).

Judge Tomlinson's R&R recommends that the Court grant default judgment and award Plaintiff the following damages against Defendants jointly and severally: (1) $13,992.18 for unpaid contributions; (2) prejudgment interest on unpaid contributions in an amount to be determined by the Clerk of the Court; (3) liquidated damages in an amount equal to the amount of prejudgment interest; (4) $3,308.33 in attorneys' fees; and (5) $425.00 in costs. (R&R, Docket Entry 16, at 21.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d

606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Tomlinson's R&R to be comprehensive, well-reasoned and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

Judge Tomlinson's R&R (Docket Entry 16) is ADOPTED in its entirety and Plaintiff's motion for a default judgment (Docket Entry 12) is GRANTED. The Clerk of the Court is directed to enter judgment in favor of Plaintiff and against Defendants as follows: (1) $13,992.18 for unpaid contributions; (2) prejudgment interest on unpaid contributions in an amount to be determined by the Clerk of the Court based on the interest rate prescribed under 26 U.S.C. § 6621 through the date of entry of final judgment; (3) liquidated damages in an amount equal to the amount of prejudgment interest; (4) $3,308.33 in attorneys' fees; and (5) $425.00 in costs.

The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  October  2 , 2014
        Central Islip, New York

5